IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **GUGGENHEIM DEVELOPMENT SERVICES LLC;** *and* **JL COLUMBUS 1549 LLC,**  *Plaintiffs,*  v.  **JMC FLATROCK PARTNERS LLC,** *et al.*,  *Defendants.* | **CIVIL ACTION NO. 4:24-cv-00025-TES** |

**ORDER**

Before the Court is Defendant Georgia Power Company's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 27]. Plaintiffs Guggenheim Development Services LLC and JL Columbus 1549 LLC filed this action on February 15, 2024, asserting state-law claims against Defendants JMC Flatrock Partners, LLC, and Public Service Communications, Inc., related to easements and underground utilities that allegedly burdened a tract of land JL Columbus purchased from JMC Flatrock. *See* [Doc. 1].

Plaintiffs filed an Amended Complaint [Doc. 16] on August 30, 2024, which added Georgia Power Company as a defendant and asserted several claims against it based on Plaintiff's allegation that it installed an underground power line outside of its "recorded easement." *See* [Doc. 16, Counts VIII–XI]. Georgia Power now moves to

dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Doc. 27].

For the reasons explained in further detail below, the Court **GRANTS** Georgia Power's Motion to Dismiss [Doc. 27] **in part** and **DISMISSES** Guggenheim's claims, Count VIII (Exceeding Recorded Easement), and Count XI (Attorney's Fees); and **DENIES** it [Doc. 27] **in part** as to Counts IX (Negligence) and X (Trespass).

## BACKGROUND

Before turning to the substance of Georgia Power's Motion, the Court first outlines this case's factual background.

Plaintiff Guggenheim, a commercial real estate developer, entered into a Purchase and Sale Agreement to purchase a 0.71-acre tract of land in Columbus, Georgia (the "Property"), from Defendant JMC Flatrock. [Doc. 16, ¶¶ 8–10]. As part of that agreement, JMC Flatrock made representations and warranties, some of which concerned easements and utilities on the Property. [*Id.* at ¶ 11]. Guggenheim did its due diligence, including obtaining title searches and surveys, and then assigned its rights in

the Purchase and Sale Agreement to Plaintiff JL Columbus.[1] [*Id.* at ¶ 18]; [Doc. 29, p. 3].

The sale closed on May 12, 2023, and JMC Flatrock conveyed the Property to JL Columbus. [Doc. 16, ¶ 13]. After the property transfer, Plaintiffs obtained site plans, construction plans, and expended resources preparing to construct a Jiffy Lube oil change facility on the Property. [*Id.* at ¶ 18]. During this entire process of purchasing the Property and planning construction, Plaintiffs relied upon an easement benefitting Defendant Georgia Power that was recorded in the real estate records for Muscogee County, Georgia. [*Id.* at ¶¶ 68–69]. Plaintiffs later discovered that Georgia Power had placed an underground power line on the Property outside the boundaries of its recorded easement. [*Id.* at ¶ 15]. However, Plaintiffs didn't discover that until after they began construction, which they immediately halted to determine the power line's specific location and minimize interference with it. [*Id.* at ¶ 19]. After a four-month delay, Georgia Power agreed to relocate the power line, and Plaintiffs created a new

---

[1] On a motion to dismiss, a court must generally limit its review to the four corners of the complaint. *See, e.g.*, *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). If a party presents materials, including factual allegations, outside a complaint as part of a motion to dismiss, a court must either disregard those materials or convert the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

The Amended Complaint does not explain why JL Columbus ultimately purchased the property when Guggenheim was the entity that originally agreed to buy it. *See* [Doc. 16, ¶¶10–13]. However, Plaintiffs' Response clarifies that Guggenheim "assigned its rights to the Purchase and Sale Agreement to" JL Columbus after conducting due diligence. [Doc. 29, p. 3]. Because the Court considers this information as context for understanding Plaintiffs' claims, but does not rely on it as evidence for the purposes of its analysis, the Court avoids converting this Motion into a summary-judgment motion. *See* Fed. R. Civ. P. 12(d).

easement reflecting its new location. [*Id.* at ¶¶ 20–21].

Plaintiffs originally filed this action on February 15, 2024. [Doc. 1]. They then filed an Amended Complaint on August 30, 2024, adding Georgia Power as a defendant and adding claims against it for "exceeding [a] recorded easement," negligence, and trespass, and seeking an award of attorney's fees. *See* [Doc. 16, Counts VIII–XI]. Georgia Power moves to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* [Doc. 27].

## **LEGAL STANDARD**

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted) (alteration in original). To decide whether a complaint survives a motion to dismiss, district courts

are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all of the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. With the foregoing standard in mind, and taking the facts asserted in Plaintiffs' Amended Complaint as true, the Court rules on Georgia Power's Motion to Dismiss.

## **DISCUSSION**

Georgia Power argues that Plaintiffs' Amended Complaint contains three fatal flaws warranting dismissal: first, the Amended Complaint fails to allege that Guggenheim has statutory standing to bring these claims; second, Count VIII (Exceeding Recorded Easement) "fails to raise any cognizable cause of action under Georgia law;" and third, Plaintiffs fail to state a claim for negligence, trespass, or attorney's fees. [Doc. 27, p. 5].

A.    **<u>Guggenheim's Claims</u>**

First, Georgia Power moves to dismiss Guggenheim's claims against it on the grounds that the Amended Complaint fails to allege that Guggenheim is the true owner of the Property. [*Id.*]. In order "[t]o maintain an action for trespass or injury to realty" under Georgia law, "it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass." *Galt Automotive Props., LLC v. Advesco*, LLC, 850 S.E.2d 759, 762 (Ga. Ct. App. 2020); *see Ansley Walk Condo. Ass'n, Inc. v. Atlanta Dev. Auth.*, 867 S.E.2d 600, 605 (Ga. Ct. App. 2020); *Nelson v. Smothers*, 308 S.E.2d 239 (Ga. Ct. App. 1983).

Here, although Plaintiffs assert claims against Georgia Power for damages to realty, the Amended Complaint fails to allege that Guggenheim has ever owned or possessed the Property. *See* [Doc. 16]. Plaintiffs attempt to correct this omission by asserting in their Response that "[a]s the developer for the Jiffy Lube Project, Plaintiff Guggenheim was in possession of the [P]roperty at the time the unrecorded and undisclosed utility lines were discovered." [Doc. 29, p. 7].

However, that allegation doesn't appear in the Amended Complaint, *see* [Doc. 16], and it is well established that "plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)). So, the

Court can't consider any allegations not in the Amended Complaint.[2] *See supra* note 1. Because the Amended Complaint does not allege any facts regarding Guggenheim's ownership or possession of the Property, the Court **GRANTS** Georgia Power's Motion to Dismiss [Doc. 27] **in part** and **DISMISSES** Plaintiff Guggenheim's claims against Georgia Power.

### B. Count VIII (Exceeding Recorded Easement)

Second, Georgia Power moves to dismiss Count VIII (Exceeding Recorded Easement) of Plaintiffs' Amended Complaint because it "fails to raise any cognizable cause of action under Georgia law." [Doc. 27, p. 7]. Plaintiffs correctly point out that they aren't required "to cite directly to a statute or case law in support of a claim," [Doc. 29, p. 8], but every claim must be brought under some "legally cognizable right of action," *Twombly*, 550 U.S. at 555.

The Amended Complaint alleges that Georgia Power installed an underground power line "outside the area of [its] recorded easement." [Doc. 16, ¶ 70]. Under Georgia law, "every act of another which unlawfully interferes with" a private property owner's right and enjoyment of their property "is a tort for which an action shall lie." O.C.G.A. § 51-9-1. Any interference with a property owner's right of enjoyment is considered a trespass, *see Marshall v. Ga. Power Co.*, 214 S.E.2d 728, 730 (Ga. Ct. App. 1975), unless it is

---

[2] The Court notes that Guggenheim did not move to amend its complaint under either avenue afforded under Federal Rule of Civil Procedure 15(a).

8

rendered lawful by an agreement or the would-be trespasser can assert some other legally viable defense, *see Tacon v. Equity One, Inc.*, 633 S.E.2d 599, 604 (Ga. Ct. App. 2006) (explaining that the "common law right of exclusive use and possession of property may be modified by agreement) (citing *Smith v. Fischer*, 1 S.E.2d 684, 685 (Ga. Ct. App. 1939) (finding that an agreement a landowner and his neighbor was a defense to the landowner's heir's trespass suit)).[3]

"[A]n easement with a fixed location cannot be substantially changed or relocated without the express or implied consent of the owners of both the servient estate and the dominant estate . . . ." *Herren v. Pettengill*, 538 S.E.2d 735 (Ga. 2000). And once an easement becomes fixed, it cannot "be unilaterally relocated or widened by either of the parties." *Parris Props., LLC v. Nichols*, 700 S.E.2d 848, 854 (Ga. Ct. App. 2010) (citations omitted).

To the extent that Count VIII could be construed as a claim for declaratory or injunctive relief, such a claim would be moot, as the parties have reached an agreement to relocate the power line at issue and create a new easement. [Doc. 15, p. 6]. Thus, the Court construes Count VIII of the Amended Complaint as a duplicative trespass claim under Georgia law, *see Marshall*, 214 S.E.2d at 730, and **GRANTS** Georgia Power's

---

[3] *See also Rossee Oil Co. v. BellSouth Telecomm., Inc.*, 441 S.E.2d 464, 465 (Ga. Ct. App. 1994); *Batson v. Higginbothem*, 68 S.E. 455 (Ga. Ct. App. 1910); *Pausch v. Guerrard*, 67 Ga. 319 (1881); *DeSarno v. Jam Golf Mgmt.*, 670 S.E.2d 889, 890 (Ga. Ct. App. 2008) (explaining that an easement permits conduct that would otherwise be a trespass).

Motion to Dismiss [Doc. 27] **in part** and **DISMISSES** Count VIII.

### C.      Plaintiffs' Remaining Claims

Finally, Georgia Power moves to dismiss Plaintiffs' remaining claims—for negligence, trespass, and attorney's fees—on the grounds that they "fail[] to allege facts sufficient to raise a right of relief above the speculative level." [Doc. 27, p. 5].[4]

#### 1.      Count IX (Negligence)

The Court first considers Plaintiffs' Negligence claim. [*Id.* at Section II.C.]. To state a claim for negligence under Georgia law, "a plaintiff must establish the following essential elements: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury." *Cabrera v. Ellis*, 855 S.E.2d 405, 407 (Ga. Ct. App. 2021) (citation omitted). The Amended Complaint alleges that (1) Georgia Power owed Plaintiffs a duty of ordinary care in installing its power line on Plaintiffs' Property, (2) Georgia Power breached that duty by "fail[ing] to install its power line within the scope of its recorded easement, fail[ing] to use best practices in installing the power line, and otherwise acted negligently in its actions with respect to

---

[4] Georgia Power repeatedly points out that each count of Plaintiffs' Amended Complaint adopts all allegations of all preceding accounts, which "is problematic because the Amended Complaint contains multiple counts against three different defendants." [Doc. 27, p. 8]. The Court agrees that the Amended Complaint is arguably a shotgun pleading with "multiple counts that each adopt the allegations of all preceding counts," *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). However, Georgia Power does not move to dismiss on those grounds, and its Motion to Dismiss demonstrates that it has "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Thus, the Court will not require Plaintiffs to replead their claims.

the power line on the Property;" (3) "Plaintiffs have sustained damages, including . . . loss of use of the Property, diminished fair market value of the Property, and the cost to repair the Property, the value of which will be proven at trial;" and (4) Georgia Power's breach "direct[ly] and proximate[ly]" caused Plaintiffs' damages by forcing Plaintiffs to halt construction on the Property. [Doc. 16, ¶¶ 15, 19, 73–78]. Georgia Power argues that these allegations are conclusory, vague, and "lack[] the necessary 'factual enhancement' to sufficiently plead a claim for negligence," [Doc. 27, pp. 9–10].

First, Plaintiffs' allegations supporting their Negligence claim are neither conclusory nor impermissibly vague. It is well established that "[c]onclusory allegations are not entitled to the assumption of truth." *McCullough*, 907 F.3d at 1333. Georgia Power contends that these allegations are "*all*" "legal conclusions and formulaic recitations of the elements of a cause of action for negligence under Georgia law." [Doc. 27, p. 9 (emphasis added)]. To be sure, *some* of the allegations in Count IX are legal conclusions, which are appropriate "to structure [a] complaint," but Plaintiffs support those conclusions with sufficient factual allegations. *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679).

Relatedly, Plaintiffs allege sufficient non-conclusory facts to state a claim for negligence under Georgia law. *See* [Doc. 16, Count IX]; *Cabrera*, 855 S.E.2d at 407. Georgia Power argues that "the Amended Complaint lacks the necessary 'factual enhancement'" to state a claim. [Doc. 27, p. 10]. For example, Georgia Power complains

11

that the Amended Complaint doesn't "provide insight on *how* Georgia Power failed to install its power line within the scope of its recorded easement" and includes "no information . . . regarding the requirements of such easement." [*Id.*]. Georgia Power understandably wants more "detailed factual allegations," *McCullough*, 907 F.3d at 1333 (citation omitted), as would any defendant. But to survive at this stage, a complaint must only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Having identified and disregarded any legal conclusions, the Court finds that Plaintiffs' remaining factual allegations, assumed to be true, plausibly state a negligence claim under Georgia law. *See id.* at 1333; [Doc. 16, Count IX]; *Cabrera*, 855 S.E.2d at 407.

Finally, Georgia Power argues that it owed Plaintiffs a narrower duty in this case than the duty set forth in the Amended Complaint, relying on *Williams v. Mitchell County Elec. Membership Corp.*, 566 S.E.2d 356 (Ga. Ct. App. 2002). [Doc. 31, pp. 2–3]. In Georgia, "a legal duty to exercise ordinary care arises from the foreseeable, unreasonable risk of harm from [a defendant's] conduct." *Amos v. City of Butler*, 529 S.E.2d 420, 422 (Ga. Ct. App. 2000) (citation omitted). Ordinary care "is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances," and "[t]he absence of such diligence is termed ordinary negligence." O.C.G.A. § 51-1-2. Conversely, "[i]f there is no duty, there can be no negligence."

*Atlanta & C. Air Line Ry. Co. v. Gravitt*, 20 S.E. 550, 560 (Ga. 1894); *see Cabrera v. Ellis*, 855 S.E.2d 405, 407 (Ga. Ct. App. 2021) (citation omitted).

Georgia Power contends that it did not owe a duty to install its power line within the boundaries of its recorded easement in the first place, so it cannot be liable for negligence. [Doc. 31, pp. 2–3]. However, Georgia Power's reliance on *Williams* is misplaced. *See* 566 S.E.2d 356 (Ga. Ct. App. 2002). In that case, a wrongful death action, the Georgia Court of Appeals stated that "Georgia law places a duty on power companies to install and maintain its lines 'at such a location as not to injure persons who might be reasonably expected to come in contact with such lines.'" [Doc. 31, p. 3]. Based on this statement, Georgia Power argues that it only owed a duty to avoid physical harm, and because the Amended Complaint fails to allege any physical injury resulting from the power line's location, Georgia Power cannot be liable for negligence. *See id.*

However, *Williams* also affirms the more general rule that "[a] power company is charged with the duty of exercising ordinary care in the construction and maintenance of its wires, poles, transformers, and equipment." 566 S.E.2d at 358 (citation omitted). Georgia Power's argument misunderstands the nature of the duty alleged in this case. *See* [Doc. 16, ¶ 73]. Its actions, as alleged in the Amended Complaint, created risks extending beyond physical injury. *See Amos*, 529 S.E.2d at 422. Thus, the specific rule that applied in *Williams*, focused on avoiding physical harm, does not appear to define

13

the scope of Georgia Power's duty of care here. *See id.*

Instead, the broader general rule appears to govern in this case, undercutting Georgia Power's narrow interpretation of its duty to Plaintiffs, and lending support to Plaintiffs' claim. [Doc. 16, ¶ 73]. Because Georgia Power doesn't explain why the specific rule articulated in *Williams* should apply in this case, it fails to establish that it merely owed Plaintiffs a duty to avoid causing physical injuries in this case.

The Court finds that Plaintiffs' non-conclusory factual allegations, assumed to be true, plausibly state a negligence claim under Georgia law. *See McCullough* 907 F.3d at 1333; [Doc. 16, Count IX]; *Cabrera*, 855 S.E.2d at 407. Accordingly, the Court **DENIES** Georgia Power's Motion to Dismiss [Doc. 27] **in part** as to Count XI.

### 2. Count X (Trespass)

Next, the Court considers the sufficiency of Plaintiffs' Trespass claim. In Georgia, "[a]n owner of real property 'has the right to possess, use, enjoy, and dispose of it, and the corresponding right to exclude other from [its] use." *LN West Paces Ferry Assocs., LLC v. McDonald*, 703 S.E.2d 85, 89 (Ga. Ct. App. 2010) (citation omitted). "[E]very act of another which unlawfully interferes with such enjoyment is a tort for which an action will lie." O.C.G.A. § 51-9-1. In the real-property context, Georgia law defines a "trespass" as an intentional, "wrongful, continuing interference with a right to the exclusive use and benefit of a property right." *Lanier v. Burnette*, 538 S.E.2d 476, 480 (Ga. Ct. App. 2000) (citation omitted).

To summarize, Plaintiffs allege that by installing a power line "outside of any recorded easement," Georgia Power "entered upon and damaged the Property" "without authorization, permission or right," which caused "damage to Plaintiffs and the Property" by delaying construction. [Doc. 16, ¶¶ 15, 24, 79–89]. Georgia Power moves to dismiss this claim, arguing that the allegations are conclusory and fail to plead sufficient facts showing interference with the [P]roperty and damages.[5] *See* [Doc. 27, pp. 12–13]. The Court disagrees, finds that the Amended Complaint states a trespass claim under Georgia law, and thus **DENIES** Georgia Power's Motion to Dismiss [Doc. 27] **in part** as to Count X.

### 3.    Count XI (Attorney's Fees)

Finally, the Court turns to Plaintiff's claim for Attorney's Fees. *See* [Doc. 16, Count XI]. A plaintiff may recover litigation expenses if a "defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense," and if "the plaintiff has specially pleaded and has made prayer therefor." O.C.G.A. § 13-6-11.

Plaintiffs "specially plead[]" for attorney's fees in Count XI and request them in the prayer for relief. *See* [Doc. 16, pp. 18–19]. However, the Amended Complaint fails to

---

[5] Georgia Power argues that the Court "may infer" that "Plaintiffs permitted Georgia Power's power line to remain in its original location at least until the parties' were able to agree upon a new location." [Doc. 27, p. 13]. However, Georgia Power doesn't explain what other choice Plaintiff had, nor does it explain how this inference would change the analysis, and the Court declines this invitation.

allege any factual basis for seeking such fees from Georgia Power. *See* [Doc. 16]. It only alleges that "[a]fter four months of delay in construction, Plaintiffs and [Georgia Power] reached an agreement to resolve the location of [the] power line that was outside of [Georgia Power]'s recorded easement. [Georgia Power] agreed to move its power line and a new easement was agreed upon by Plaintiffs and [Georgia Power]." [Doc. 16, ¶ 21]. Plaintiffs respond, arguing that the agreement to move the power line "was only reached after four months of extended and unnecessary negotiations, and GPC refused to pay for any of Plaintiffs' delay damages incurred." [Doc. 29, p. 15]. The Court disregards these factual allegations, which are nowhere to be found Plaintiffs' Amended Complaint, and declines to convert this Motion into one for summary judgment. *See supra* note 1. Because the Amended Complaint alleges no factual basis for seeking attorney's fees from Georgia Power, **GRANTS** Georgia Power's Motion to Dismiss [Doc. 27] **in part** and **DISMISSES** Count XI.

## CONCLUSION

Accordingly, the Court **GRANTS** Georgia Power's Motion to Dismiss [Doc. 27] **in part** and **DISMISSES** Guggenheim's claims against Georgia Power, Count VIII (Exceeding Recorded Easement), and Count XI (Attorney's Fees). However, the Court **DENIES** Georgia Power's Motion to Dismiss [Doc. 27] as to Count IX (Negligence) and Count X (Trespass). Additionally, in light of this Order, the Court **DENIES as moot** Georgia Power's Motion to Stay Discovery [Doc. 34].

**SO ORDERED**, this 22nd day of January, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
