IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **GUGGENHEIM DEVELOPMENT SERVICES LLC;** *and* **JL COLUMBUS 1549 LLC,** *Plaintiffs,* v. **JMC FLATROCK PARTNERS LLC,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 4:24-cv-00025-TES** |

**ORDER**

Before the Court is Defendants JMC Flatrock Partners, LLC, and Public Service Communications, Inc.'s Motion for Judgment on the Pleadings [Doc. 40].

As explained in the Court's prior Order [Doc. 36] granting in part Georgia Power's Motion to Dismiss [Doc. 27], Plaintiffs Guggenheim Development Services LLC and JL Columbus 1549 LLC filed this action on February 15, 2024, asserting state-law claims against Defendants JMC Flatrock Partners, LLC ("JMC"), and Public Service Communications, Inc. ("PSC"), related to easements and underground utilities that allegedly burdened a tract of land JL Columbus purchased from JMC. *See* [Doc. 1].

Plaintiffs filed an Amended Complaint [Doc. 16] on August 30, 2024, which added Georgia Power Company as a defendant and asserted several claims against it

based on Plaintiff's allegation that it installed an underground power line outside of its "recorded easement." *See* [Doc. 16, Counts VIII–XI].

For the reasons explained in further detail below, the Court **GRANTS** JMC and PSC's Motion for Judgment on the Pleadings and **DISMISSES** Guggenheim's claims against PSC, Count IV (Exceeding Recorded Easement) as to PSC, and Count XI (Attorney's Fees) as to JMC and PSC.

## BACKGROUND

As the Court explained in the prior Order,

> Plaintiff Guggenheim, a commercial real estate developer, entered into a Purchase and Sale Agreement to purchase a 0.71-acre tract of land in Columbus, Georgia (the "Property"), from Defendant JMC Flatrock. [Doc. 16, ¶¶ 8–10]. As part of that agreement, JMC Flatrock made representations and warranties, some of which concerned easements and utilities on the Property. [*Id.* at ¶ 11]. Guggenheim did its due diligence, including obtaining title searches and surveys, and then assigned its rights in the Purchase and Sale Agreement to Plaintiff JL Columbus. [*Id.* at ¶ 18]; [Doc. 29, p. 3].
>
> The sale closed on May 12, 2023, and JMC Flatrock conveyed the Property to JL Columbus. [Doc. 16, ¶ 13]. After the property transfer, Plaintiffs obtained site plans, construction plans, and expended resources preparing to construct a Jiffy Lube oil change facility on the Property. [*Id.* at ¶ 18]. During this entire process of purchasing the Property and planning construction, Plaintiffs relied upon an easement benefitting Defendant Georgia Power that was recorded in the real estate records for Muscogee County, Georgia. [*Id.* at ¶¶ 68–69]. Plaintiffs later discovered that Georgia Power had placed an underground power line on the Property outside the boundaries of its recorded easement. [*Id.* at ¶ 15]. However, Plaintiffs didn't discover that until after they began construction, which they immediately halted to determine the power line's specific location and minimize interference with it. [*Id.* at ¶ 19]. After a four-month delay, Georgia Power agreed to relocate the power line, and

Plaintiffs created a new easement reflecting its new location. [*Id.* at ¶¶ 20–21].

Plaintiffs originally filed this action on February 15, 2024. [Doc. 1]. They then filed an Amended Complaint on August 30, 2024, adding Georgia Power as a defendant and adding claims against it for "exceeding [a] recorded easement," negligence, and trespass, and seeking an award of attorney's fees. *See* [Doc. 16, Counts VIII–XI].

[Doc. 36, pp. 2–4]. Following the Court's Order granting in part Georgia Power's Motion to Dismiss, JMC and PSC filed the instant Motion for Judgment on the Pleadings mirroring Georgia Power's arguments and—wisely—the Court's decision on that Motion.

## **LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach,* 150 F.3d 1299, 1301 (11th Cir. 2001)). In determining whether a party is entitled to judgment on the pleadings, district courts "accept the facts in the complaint as true and . . . view[s] them in the light most favorable to the nonmoving party." *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). If a comparison of the averments in the competing pleadings reveals a material dispute of facts, judgment on the pleadings must be denied. *See Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956).

**DISCUSSION**

Like Georgia Power, JMC and PSC argue that Guggenheim "never alleges that it ever owned or possessed the Gateway Property"; therefore, it cannot sustain a trespass or injury-to-realty claim. [Doc. 40, p. 7]. Second, JMC and PSC argue that "[d]espite having the opportunity to do so in opposition to Georgia Power's motion to dismiss, Plaintiffs have provided no authority recognizing Exceeding Recorded Easement as a tort independent of trespass." [*Id.*]. Finally, JMC and PSC contend that "[a]s they failed to [do] with respect to Georgia Power, Plaintiffs fail to properly allege a factual basis for seeking attorney's fees pursuant to O.C.G.A. § 13-6-11 against JMC or PSC." [*Id.* at p. 8].

## I. Guggenheim's Claims

In order "[t]o maintain an action for trespass or injury to realty" under Georgia law, "it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass." *Galt Auto. Props., LLC v. Advesco*, LLC, 850 S.E.2d 759, 762 (Ga. Ct. App. 2020); *see Ansley Walk Condo. Ass'n, Inc. v. Atlanta Dev. Auth.*, 867 S.E.2d 600, 605 (Ga. Ct. App. 2020); *Nelson v. Smothers*, 308 S.E.2d 239 (Ga. Ct. App. 1983).

Here, although Plaintiffs assert claims against JMC and PSC for damages to realty, the Amended Complaint fails to allege that Guggenheim has ever owned or possessed the Property. *See* [Doc. 16]. Like their Response [Doc. 29] to Georgia Power's

Motion,[1] Plaintiffs attempt to correct this omission by asserting in their Response that "[a]s the developer for the Jiffy Lube Project, Plaintiff Guggenheim was in possession of the [P]roperty at the time the . . . undisclosed utility lines . . . were discovered." [Doc. 41, p. 7].

However, as the Court explained, that allegation doesn't appear in the Amended Complaint, *see* [Doc. 16], and it is well established that "plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)). So, the Court can't consider any allegations not in the Amended Complaint.[2] Because the Amended Complaint does not allege any facts regarding Guggenheim's ownership or possession of the Property, the Court **GRANTS** JMC and PSC's Motion as to Guggenheim's claims against them.

## II.   Count IV—Exceeding Recorded Easement

Second, JMC and PSC move for judgment on the pleadings as to Count IV (Exceeding Recorded Easement) because it "is duplicative of the trespass claim against PSC." [Doc. 40, p. 7]. Plaintiffs correctly point out that they aren't required to cite

---

[1] Plaintiffs' Response [Doc. 41] is nearly identical to their Response [Doc. 29] to Georgia Power's Motion. So, as you can imagine, the Court's Order on this Motion will be strikingly similar to its prior Order [Doc. 36].

[2] The Court again notes that Guggenheim did not move to amend its complaint under either avenue afforded under Federal Rule of Civil Procedure 15(a).

directly to a statute or case law in support of a claim, [Doc. 41, p. 8], but every claim must be brought under some "legally cognizable right of action," *Twombly*, 550 U.S. at 555.

The Amended Complaint alleges that PSC installed an underground fiber optic cable "outside the area of [its] recorded easement." [Doc. 16, ¶ 43]. Under Georgia law, "every act of another which unlawfully interferes with" a private property owner's right and enjoyment of their property "is a tort for which an action shall lie." O.C.G.A. § 51-9-1. Any interference with a property owner's right of enjoyment is considered a trespass, *see Marshall v. Ga. Power Co.*, 214 S.E.2d 728, 730 (Ga. Ct. App. 1975), unless it is rendered lawful by an agreement or the would-be trespasser can assert some other legally viable defense, *see Tacon v. Equity One, Inc.*, 633 S.E.2d 599, 604 (Ga. Ct. App. 2006) (explaining that the "common law right of exclusive use and possession of property may be modified by agreement) (citing *Smith v. Fischer*, 1 S.E.2d 684, 685 (Ga. Ct. App. 1939) (finding that an agreement a landowner and his neighbor was a defense to the landowner's heir's trespass suit)).[3]

"[A]n easement with a fixed location cannot be substantially changed or relocated without the express or implied consent of the owners of both the servient

---

[3] *See also Rossee Oil Co. v. BellSouth Telecomm., Inc.*, 441 S.E.2d 464, 465 (Ga. Ct. App. 1994); *Batson v. Higginbothem*, 68 S.E. 455 (Ga. Ct. App. 1910); *Pausch v. Guerrard*, 67 Ga. 319 (1881); *DeSarno v. Jam Golf Mgmt.*, 670 S.E.2d 889, 890 (Ga. Ct. App. 2008) (explaining that an easement permits conduct that would otherwise be a trespass).

estate and the dominant estate . . . ." *Herren v. Pettengill*, 538 S.E.2d 735 (Ga. 2000). And once an easement becomes fixed, it cannot "be unilaterally relocated or widened by either of the parties." *Parris Props., LLC v. Nichols*, 700 S.E.2d 848, 854 (Ga. Ct. App. 2010) (citations omitted).

All things considered, Plaintiffs contend that PSC exceeded its easement and encroached on their property—*i.e.*, a trespass claim. Thus, the Court construes Count IV of the Amended Complaint as a duplicative trespass claim under Georgia law, *see Marshall*, 214 S.E.2d at 730, and **GRANTS** PSC's Motion and **DISMISSES** Count IV.

### III.   Count XI—Attorney's Fees

Finally, the Court turns to Plaintiffs' claim for Attorney's Fees. *See* [Doc. 16, Count XI]. A plaintiff may recover litigation expenses if a "defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense," and if "the plaintiff has specially pleaded and has made prayer therefor." O.C.G.A. § 13-6-11.

Plaintiffs "specially plead[]" for attorney's fees in Count XI and request them in the prayer for relief. *See* [Doc. 16, pp. 18–19]. However, the Amended Complaint fails to allege any factual basis for seeking such fees from JMC or PSC. *See* [Doc. 16]. As to JMC, the Amended Complaint only alleges that "[o]n information and belief, JMC had knowledge of the Undisclosed Interests [of Georgia Power and PSC] but failed to inform Plaintiffs of such Undisclosed Interests." [*Id.* at ¶ 17]. As to PSC, the Amended

7

Complaint contends:

> PSC threatened to sue Plaintiffs if Plaintiffs continued construction on the Property in the vicinity of PSC's underground fiber optic line. PSC refused to agree to any change in the location of its underground fiber optic line or to allow Plaintiffs to build over its underground fiber optic line, which was outside of PSC's recorded easement.
>
> As a result of PSC's threats and refusal to agree to relocate its fiber optic line, Plaintiffs were required to substantially modify their construction plans. Because of the modifications, Plaintiffs incurred additional costs due to delays in construction, reengineering of the Jiffy Lube facility, lost rent revenue, and additional construction required, among other costs.

[*Id.* at ¶¶ 22–23].

As JMC and PSC correctly note, Plaintiffs' Amended Complaint gives no factual basis for concluding that JMC or PSC have acted with "some interested or sinister motive, or that [they] consciously acted for some dishonest or improper purpose." *Powell Co. v. McGarey Grp., LLC*, 508 F. Supp. 2d 1202, 1220 (N.D. Ga. 2007) (citations omitted). Sure, Plaintiffs accuse JMC of hiding the ball. [Doc. 16, ¶ 17]. But, Plaintiffs do not allege that JMC did so with an improper motive as to invoke § 13-6-11. As JMC argues, without some allegation of intentional misrepresentation,[4] that failure "[a]t worst, . . . might be akin to negligent conduct[.]" [Doc. 40, p. 9]. However, § 13-6-11 requires more than "bad judgment or negligence." *Liberty Mut. Fire Ins. Co. v. Cagle's, Inc.*, No. 1:10-CV-2158-TWT, 2011 WL 13214392, at *4 (N.D. Ga. Aug. 10, 2011).

---

[4] And, remember, Plaintiffs do not bring a claim of intentional misrepresentation—only negligent misrepresentation. [Doc. 16, p. 8, COUNT II].

8

Likewise, Plaintiffs' allegations that PSC threatened to sue are also insufficient. To be clear, Plaintiffs allege that PSC "refused to agree to any change in the location of its underground fiber optic line or to allow Plaintiffs to build over its underground fiber optic line." [Doc. 16, ¶ 22]. But, Plaintiffs do not allege that they showed PSC the recorded easement and PSC still refused to budge. As far as the Amended Complaint's allegation read, it appears that Plaintiffs and PSC both believed that their legal position was correct. *Cf. Steel Magnolias Realty, LLC v. Bleakley*, 622 S.E.2d 481, 483 (Ga. Ct. App. 2005). That does not rise to the level of allegations necessary to support a § 13-6-11 fee award.[5]

## CONCLUSION

Based upon the foregoing, the Court **GRANTS** JMC and PSC's Motion for Judgment on the Pleadings [Doc. 40] and **DISMISSES** all of Guggenheim's claims against PSC, as well as Count IV (Exceeding the Recorded Easement) as to PSC, and Count XI (Attorney's Fees) as to JMC and PSC.

**SO ORDERED**, this 16th day of April, 2025.

                                           S/ Tilman E. Self, III
                                           **TILMAN E. SELF, III, JUDGE**
                                           **UNITED STATES DISTRICT COURT**

---

[5] As to Plaintiffs' arguments on the "unnecessary trouble and expense" point, Plaintiffs do not contend that JMC or PSC has prolonged this litigation or caused unnecessary expenses. *MDC Blackshear, LLC v. Littell*, 537 S.E.2d 356, 361 (Ga. 2000) ("Under § 13–6–11, fees and expenses may be awarded when a plaintiff is caused unnecessary trouble and expense above the normal trouble and expense associated with litigation.").